**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0242-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

COLBY DESSOURCES,

    Defendant-Appellant.

_____

Submitted December 12, 2023 – Decided December 22, 2023

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-12-3564.

Joseph E. Krakora, Public Defender, attorney for appellant (John Joseph Bannan, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Braden Bendon Couch, Special Deputy Attorney/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Colby Dessources appeals from a July 19, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

The facts leading to defendant's conviction for aggravated manslaughter, N.J.S.A. 2C:11-4(a), are set forth in State v. Dessources, No. A-3811-18 (App. Div. Jan. 6, 2021) (slip op. at 2). We need not repeat them here.

On July 12, 2018, defendant agreed to plead guilty to first-degree aggravated manslaughter, N.J.S.A. 2 2C:11-4(a)(1). In November 2018, defendant filed a motion to withdraw his guilty plea based on alleged unforeseen immigration consequences. Defendant's motion was denied.

On January 18, 2019, defendant appeared for sentencing. Defense counsel asked the judge to apply two mitigating factors under N.J.S.A. 2C:44-1(b). Specifically, defendant requested mitigating factor seven, N.J.S.A. 2C:44-1(b)(7), no criminal history, and mitigating factor eleven, N.J.S.A. 2C:44-1(b)(11), excessive hardship to his dependents. The judge found no mitigating factors were applicable and sentenced defendant to a ten-year term of imprisonment with an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2.

In April 2021, defendant filed a pro se PCR petition. On February 18, 2022, assigned counsel filed an amended PCR petition, supplementing defendant's prior PCR submission, asserting an ineffective assistance of counsel claim against defendant's sentencing attorney. Defendant claimed sentencing counsel failed to advocate for application of mitigating factors two, four, eight, and nine. N.J.S.A. 2C:44-1(b)(2), (4), (8), and (9). Thus, defendant asserted he was not afforded an opportunity to seek a sentencing downgrade in the second-degree range.

In a July 19, 2022 order and accompanying written decision, the PCR judge denied defendant's petition. The PCR judge addressed mitigating factors two, four, eight, and nine, and explained why each factor was inapplicable. Because the additional mitigating factors were inapplicable, the judge concluded sentencing counsel was not ineffective in raising arguments that lacked merit. In addition, the judge determined, "even if this [c]ourt had pre-supposed the mitigating factors now sought, it would not be possible . . . to find that the mitigating factors substantially outweigh[ed] the aggravating ones." Thus, the

3

judge denied defendant's PCR petition, finding defendant failed to meet his burden of demonstrating ineffective assistance of counsel.[1]

On appeal, defendant raises the following arguments:

POINT I

THE PCR COURT ERRED IN FINDING THAT THE MITIGATING FACTORS ARGUMENT WAS PROCEDURALLY BARRED.

(A) Legal Standards Governing Applications For Post-Conviction Relief.

(B) The Mitigating Factors Argument is not Procedurally Barred.

POINT II

BECAUSE MR. DESSOURCES RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING MR. DESSOURCES' PETITION FOR PCR.

(A) Legal Standards Governing Applications for Post-Conviction Relief.

(B) Defense Counsel was Ineffective for Failing to Raise All Applicable Mitigating Factors at Sentencing.

---

[1] In addition to denying defendant's PCR petition on the merits, the PCR judge found defendant's ineffective assistance of counsel claim was procedurally barred. However, we review orders on appeal rather than opinions or reasons proffered for the ultimate conclusion. See Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001).

A-0242-22

(C) Appellate Counsel was Ineffective for Failing to Raise the Ineffective Assistance of Trial Counsel in Failing to Raise All Applicable Mitigating Factors at Sentencing and Failing to Argue That the Trial Court Failed to Consider All Applicable Mitigating Factors at Sentencing.

POINT III

IN THE ALTERNATIVE, BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING.

(A) Legal Standards Governing Post-Conviction Relief Evidentiary Hearings.

(B) In the Alternative, Mr. Dessources is Entitled to an Evidentiary Hearing.

We need not address defendant's arguments related to the PCR judge's determination that the petition was procedurally barred because the judge also reviewed, and denied, defendant's petition on the merits. For the reasons that follow, we reject defendant's ineffective assistance of counsel arguments related to the failure of his sentencing counsel and appellate counsel to argue for additional mitigating factors.

To establish an ineffective assistance of counsel claim, a defendant must satisfy the two-part test under Strickland v. Washington, 466 U.S. 668, 687 (1984), adopted by New Jersey in State v. Fritz, 105 N.J. 42, 58 (1987). First,

A-0242-22

the defendant must show counsel's performance "fell below an objective standard of reasonableness" and was therefore deficient. Strickland, 466 U.S. at 687-88. Second, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different." State v. Hess, 207 N.J. 123, 146 (2011) (quoting Strickland, 466 U.S. at 694). The failure to raise non-meritorious arguments does not constitute ineffective assistance of counsel. State v. Worlock, 117 N.J. 596, 625 (1990).

Defendant contends his sentencing counsel and appellate counsel were ineffective in failing to advocate for mitigating factors two, four, eight, and nine.[2] We disagree.

As our Supreme Court stated in Hess, "the failure to present mitigating evidence or argue for mitigating factors" may establish ineffective assistance of counsel. 207 N.J. at 154. However, in this matter, the PCR judge thoroughly analyzed and explained why the additional mitigating factors were inapplicable.

---

[2] For the first time on appeal, defendant raised an ineffective assistance of counsel claim as to his appellate attorney. Defendant never presented this claim to the PCR judge. We may decline to consider any claim not advanced to the PCR court if the matter does not involve jurisdictional issues or matters of great public interest. See State v. Robinson, 200 N.J. 1, 20 (2009) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). However, because we are satisfied defendant's sentencing counsel was not ineffective in failing to advance certain mitigating factors, we reject defendant's claimed ineffective assistance of counsel on that same basis as to his appellate attorney.

A-0242-22

Having reviewed the record, we agree with the PCR judge that mitigating factor two, defendant did not contemplate that his conduct would cause or threaten serious harm, N.J.S.A. 2C:44-1(b)(2), was inapplicable. Defendant admitted to driving his vehicle while intoxicated, resulting in the death of another person. "Every driver is aware . . . of the responsibility to never drive while intoxicated." State v. Locane, 454 N.J. Super. 98, 128 (App. Div. 2018). Therefore, a sentencing court accords no weight to this factor in cases, such as the present matter, where a defendant "voluntarily became intoxicated[] [while] knowing [he] would drive." Ibid.

We also agree with the PCR judge that mitigating factor four, substantial grounds excusing or justifying defendant's conduct, N.J.S.A. 2C:44-1(b)(4), was inapplicable. Defendant argues this factor was applicable because the establishment continued to serve him alcohol after he became intoxicated. However, because "[c]rimes committed under the influence of alcohol . . . do not detract from the seriousness of the offense," a sentencing court should not consider intoxication a mitigating circumstance under this factor. State v. Setzer, 268 N.J. Super. 553, 567-68 (App. Div. 1993).

Nor did mitigating factor eight, defendant's conduct was the result of circumstances unlikely to recur, N.J.S.A. 2C:44-1(b)(8), and mitigating factor

A-0242-22

nine, defendant's character and attitude indicate he is unlikely to reoffend, N.J.S.A. 2C:44-1(b)(9), apply in this case. Mitigating factors eight and nine "are not intended to trigger predictions that lack anchors in the record." Locane, 454 N.J. Super. at 129. "Driving and consuming alcohol are not uncommon experiences," and defendant presented no evidence indicating the circumstances were unlikely to recur. Ibid.

Additionally, this was not defendant's first brush with the law. In 2004, and again in 2005, defendant received two juvenile deferred dispositions. Between 2007 and 2014, defendant had five disorderly persons convictions. In 2008, defendant was convicted of aggravated assault and sentenced to probation. Defendant violated the conditions of probation twice. Because defendant demonstrated no improvement, his probation was terminated in 2013. Based on his record, defendant failed to present evidence that he is unlikely to reoffend.

We also recognize, as did the PCR judge, that defendant received an extremely favorable sentence as a result of sentencing counsel's efforts, including the State's dismissal of the most serious charges. If defendant had gone to trial on all counts and been convicted by a jury, defendant faced a potential sentence of thirty years. Instead, defendant received the minimum sentence for a first-degree offense—ten years.

A-0242-22

Defendant also claims that had his counsel advocated for mitigating factors two, four, eight and nine, the sentencing judge may have downgraded his offense to a second-degree offense and sentenced him to less than ten years in prison. We reject this argument.

"A sentencing court may downgrade a first- or second-degree offense to one degree less for sentencing purposes." Locane, 454 N.J. Super. at 121 (citing N.J.S.A. 2C:44-1(f)(2)). To warrant a downgrade, the court must find: (1) it is "clearly convinced that the mitigating factors substantially outweigh the aggravating factors," N.J.S.A. 2C:44-1(f)(2); and (2) "there are compelling reasons in addition to, and separate from, the mitigating factors, which require the downgrade in the interest of justice," Locane, 454 N.J. Super. at 121 (internal quotation marks omitted) (quoting State v. Jones, 197 N.J. Super. 604, 607 (App. Div. 1984)).

For the reasons previously stated, none of the mitigating factors defendant claimed should have been presented to the sentencing judge applied. Thus, defendant could not demonstrate the mitigating factors outweighed the aggravating factors to warrant a sentencing downgrade.

On this record, defendant failed to establish that the performance of his sentencing counsel was deficient or, but for any alleged errors, the outcome of

the matter would have been different.  <u>Strickland</u>, 466 U.S. at 687-88.  Because defendant failed to establish a prima facie case of ineffective assistance of counsel, defendant was not entitled to an evidentiary hearing.  <u>See</u> <u>State v. Preciose</u>, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0242-22